ON MOTION FOR REHEARING AND MOTION TO VACATE OPINION DENIED
MILLS, Judge.
Appellant objects to the Court’s statement in its decision that “[t]he trial court found that the former wife’s attorney did not render services ‘of benefit to the partition’ because he raised numerous frivolous defenses and filed several frivolous motions in opposition to the partition action initiated by the former husband.” Appellant contends that this Court’s statement is not supported by the record. Untrue. We quote from the trial court’s order from which appellant takes this appeal:
There has been no action taken in this entire matter by Faye Daugharty or her attorney which was “of benefit to the partition.” The Court finds that quite to the contrary the record of this proceeding is swollen to a ridiculous degree with frivolous documents and legal paper filed by the Defendant in her attempt to hinder the partition, including motions, memoranda, the setting of hearings, rehearings and appeals. The fruitless delay tactics employed by the Defendant in this action wasted more than one hundred (100) hours of the time of the Plaintiff’s attorney and of this Court, and did not at any time clarify in the slightest the rights of the parties in the property, and did not at any time raise any justiciable issue of law or fact.
This Court finds that the tactics employed by the wife in this cause were *1162 vexatious, groundless, stalling tactics and in no way could they be construed as being “of benefit to the partition”, and this Court feels that under such circumstances to attempt to compensate the lawyer for the Defendant for these tactics, that were not of benefit to either the property or to the parties, would be a gross abuse of this Court’s discretion. It is incongruous that the attorney for the delaying party should in any manner be rewarded for the utilization of such dilatory tactics.
There was competent substantial evidence supporting the trial court’s finding.
Appellant contends the Court incorrectly construed the stipulation entered into by the parties’ attorneys when it stated, “[i]n this case, however, the former wife was the successful bidder at the partition sale, and the parties had stipulated that the successful bidder would be responsible for the payment of all attorney’s fees. That stipulation should govern.” Again, untrue. The Court found that the trial court’s construction of the stipulation accorded with logic and reason. The trial court stated in its order appealed, “[i]t is the further finding of this Court that the Stipulation entered into between the parties was' entered into so that the question of attorneys’ fees would be the responsibility of the party who purchased the property at the sale conducted by the Clerk of the Court.”
Appellant’s attorney states that this Court’s decision, in effect, charges him with malpractice. Once again, untrue. This is his characterization of his actions. This Court made no such charge, makes no such charge, and has no such issue before it.
The other matters urged by appellant are not discussed here because they lack merit and do not warrant discussion. The matters responded to by the Court are of equal import but were discussed because of their implications. The Court would be remiss if it failed to point out that the motion for rehearing filed by appellant clearly and totally violates the provisions of Rule 9.330.
As was stated by the Queen in Hamlet, “The lady doth protest too much, methinks.” Or as was stated by Boswell in his Life of Johnson, “I do not love a man who is zealous for nothing.”
Appellant’s motions for rehearing and to vacate are denied.
THOMPSON and WIGGINTON, JJ., concur.